**MILLER v MILLER, Admr., etc.**

Ohio Appeals, 9th Dist, Lorain Co.

No. 923. Decided June 14, 1939.

D. W. Myers, Elyria, and Richard S. Horan, Elyria, for appellee.

Harvey E. Elliott, Cleveland, and Wm. A. Miller, Amherst, for appellant.

## OPINION

By DOYLE, J.

This action was started in the Court of Common Pleas of Lorain County by Charles R. Miller against Franklin S. Miller, as administrator of the estate of Martha A. Miller, deceased. It was predicated upon a claim for money alleged to be due him for services rendered the deceased, Martha A. Miller, for many years before her death.

Issues were joined by the pleadings, a jury trial was held, a verdict was rendered in favor of the plaintiff in the sum of $12,499, and a judgment entered thereon. From this judgment appeal was perfected to this court on questions of law.

It is claimed by counsel for the appellant that the record contains no evidence of the presentation, to the administrator, of the claim upon which suit is based within the four-months period of limitation, as provided in §10509-3 GC, and that, as such presentation is a condition precedent to the right to recover, the claimant has failed to prove his case.

As to this claim the record shows that the plaintiff alleged that the claim was presented to the administrator within the four-months period following his appointment as administrator. The answer admitted that the claim was presented on May 9, 1938, but the answer did not allege that that date was not within the four-months period mentioned.

The record further discloses that the decedent died December 20, 1937, and that May 9, 1938, was only twenty days beyond the period of four months from her death, but the record does not disclose when the administrator was appointed—whether within the twenty days following her death or not The trial judge, knowing the attitude of counsel on both sides in reference to said matter, charged the jury that there was no issue for them to determine concerning the proper presentation and rejection of the claim; and although counsel were inquired of at the end of the charge as to whether or not there were any corrections or suggestions to make in reference to the charge, the attorneys for the administrator sat silent, and took no exception whatsoever to the charge.

Under such circumstances, we are thoroughly convinced that the allegation in the answer admitting the presentation of the claim on a particular day was not intended to raise, and at any rate did not raise, any issue as to the proper presentation of the claim; and that the trial judge, knowing and understanding all of the circumstances, did not commit error when he charged as he did that this issue was not controverted.

The record discloses that the administrator of the deceased is a son of the claimant. He was called by the claimant for cross-examination as a party, under the statute. He testified to certain statements made by his decedent relating to the hiring of his father at a stipulated rate of pay per month. It is the claim of the appellant that such cross-examination of the administrator is prejudicial to the administrator because in contravention of §11495 GC; which section is in part as follows:

"A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person except * * *."

We have examined carefully all of the cases cited in support of this claim, and upon consideration thereof are of the opinion that under the █ circumstances of this case it was proper procedure for the claimant to call the administrator for cross-examination and to examine him with reference to the subject-matter of the action.

It is further claimed that the court erred in the admission of certain evidence given by various witnesses called, and who testified concerning statements made by the decedent with reference to the hiring of the claimant. We have carefully considered the admissibility of this evidence in the light of the claims of the parties, and are of the opinion that there was no error in this respect prejudicial to the rights of the administrator.

We are of the opinion, after a careful reading of the entire record, that there was presented to the jury sufficient evidence from which reasonable minds could reasonably conclude that the decedent had entered into a contract of employment with the claimant, who, the evidence disclosed, was not a blood relative but was the brother of her deceased husband, and had agreed to pay him for his services at the rate of $75 a month; and that the jury, in finding such to be the fact, and in rendering a judgment based upon this contract of employment which was performed, in the amount stated heretofore, was fully warranted in so doing.

We have examined all of the other claimed errors and find none prejudicial to the rights of the administrator.

The judgment is affirmed.

WASHBURN, PJ. and STEVENS, J., concur.